## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

ALEJANDRO MONROY, on behalf of himself
and all others similarly situated,

        Plaintiff,

    v.

SHUTTERFLY, INC.,

        Defendant.

Civil Action No.  16-cv-10984

Hon. Robert W. Gettleman

## JOINT STATUS REPORT

Pursuant to this Court's May 29, 2018 Order (DE 77), following reassignment of this case to the Honorable Robert W. Gettleman, Plaintiff Alejandro Monroy ("Plaintiff") and Defendant Shutterfly, Inc. ("Defendant") submit this Joint Status Report.

### A. Status Report

This matter is currently set for a Status Hearing on July 24, 2018, at 9:00 a.m.

### B. Attorneys of Record

**For Plaintiff**:

Lead trial counsel for Plaintiff: Tina Wolfson and Theodore Maya of Ahdoot & Wolfson, P.C.; David P. Milian of Carey Rodriguez Milian Gonya, LLP; and Katrina Carroll of Lite DePalma Greenberg, LLC.

| **LITE DEPALMA GREENBERG, LLC** | **AHDOOT & WOLFSON, P.C.** | **CAREY RODRIGUEZ MILIAN GONYA, LLP** |
|---|---|---|
| Katrina Carroll | Tina Wolfson | David P. Milian |
| kcarroll@litedepalma.com | twolfson@ahdootwolfson.com | dmilian@careyrodriguez.com |
| Kyle A. Shamberg | Robert Ahdoot | 1395 Brickell Avenue, Suite |
| kshamberg@litedepalma.com | rahdoot@ahdootwolfson.com | 700 |
| Ismael T. Salam | Theodore Maya | Miami, Florida 33131 |
| isalam@litedepalma.com | tmaya@ahdootwolfson.com | Tel: (305) 372-7474; |
| 211 West Wacker Drive, Suite | Bradley K. King | Fax: (305) 372-7475 |

| | |
|---|---|
| 500 | bking@ahdootwolfson.com |
| Chicago, Illinois 60606 | 10728 Lindbrook Drive |
| Telephone: (312) 750-1265 | Los Angeles, California 90024 |
| | Tel: (310) 474-9111; |
| | Fax: (310) 474-8585 |

**For Defendant**:

Lead trial counsel for Defendant:  Lauren Goldman, John Nadolenco, and Matthew

Provance of Mayer Brown LLP.

**MAYER BROWN LLP**

| | | |
|---|---|---|
| Lauren R. Goldman | John Nadolenco (pro hac vice) | Matthew Provance |
| Michael Rayfield (pro hac vice) | 350 South Grand Avenue | 71 S. Wacker Dr. |
| 1221 Avenue of the Americas | 25th Floor | Chicago, IL 60606 |
| New York, NY 10020 | Los Angeles, CA 90071 | Telephone: (312) 701-8598 |
| Telephone: (212) 506-2647 | Telephone: (213) 229-9500 | mprovance@mayerbrown.com |
| lrgoldman@mayerbrown.com | jnadolenco@mayerbrown.com | |
| mrayfield@mayerbrown.com | | |

### C. <u>Basis for Federal Jurisdiction</u>

The basis for federal jurisdiction is the Class Action Fairness Act, 28 U.S.C. § 1332(d)

("CAFA"), because: (i) the proposed class consists of more than 100 members; (ii) the parties are

minimally diverse, as members of the proposed class, including Plaintiff, are citizens of a state

different from Defendant's home states; and (iii) the aggregate amount in controversy exceeds

$5,000,000.00, exclusive of interests and costs.

### D. <u>Jury Demand</u>

Pursuant to F. R. Civ. P. 38(b), Plaintiff demanded a trial by jury. *See* DE 1.

### E. <u>Nature of the Claims Asserted in the Complaint and any Counterclaims</u>

**Plaintiff's Position**: Plaintiff asserts that Defendant violates the Illinois Biometric

Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, by actively collecting, storing, and using

— without providing notice, obtaining informed written consent, obtaining consumers' written

release, publishing data retention policies, and failing properly to store — the biometrics of all

individuals, including non-users who appear in photographs uploaded to its service from within the state of Illinois.

**Defendant's Position**: Defendant is an online photo storage service and digital retailer of related personalized products and services. Its services include free online tools that allow people to upload, store, organize, and share digital photographs in a centralized, easily accessible location. Users of these tools can "tag" photos with information — such as names — to make them easier to organize. To facilitate this process, as described in its Online Privacy and Security Policy, Defendant uses facial-recognition technology on newly-uploaded photos to suggest tags to users:

> If you tag yourself, friends, family, or others in pictures, we may use facial recognition technology to help you tag and organize your pictures. These tags are based on the information you have provided to us and your recognition of individuals in certain photos. Using this information, we may suggest tags for your other photos. By using this tagging feature, you consent to receiving these suggestions. You, and not Shutterfly, are responsible for any tags you create.

The complaint alleges that a photo of Plaintiff — a Shutterfly non-user — was uploaded to Shutterfly and analyzed by its tagging feature. As discussed further below, Defendant denies that its feature is subject to BIPA, that BIPA applies to its conduct in the circumstances alleged in the complaint, that Plaintiff has been injured, and disputes that Plaintiff's BIPA claim is appropriate for class treatment.

There are no counter-claims at this time.

**F.  <u>Relief Sought by the Parties and Computation of Damages</u>**

**Plaintiff's Position**: Plaintiff, on behalf of himself and all others similarly situated, seeks an injunction under BIPA to prevent Defendant from further violating the privacy rights of non-users of Defendant whose photos were or are uploaded to Defendant's services from within the state of Illinois, and to recover statutory damages for Defendant's unauthorized collection, storage, and use of these individuals' biometrics in violation of BIPA. Plaintiff seeks statutory damages of $5,000 for each intentional or reckless violation of BIPA under 740 ILCS 14/20(2) or, alternatively, statutory

damages of $1,000 for each negligent violation of BIPA under 740 ILCS 14/20(1), if the Court finds that Shutterfly's violations were negligent.

**Defendant's Position**:  Defendant denies that Plaintiff is entitled to any relief and denies that this matter is appropriate for class treatment.

### G. Names of any parties who have not been served

All named parties have been served.

### H. Principal Legal Issues

**Plaintiff's Position**: In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information."  Illinois House Transcript, 2008 Reg. Sess. No. 276.  "Social Security numbers, when compromised, can be changed," the law reads.  "Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, [and] is at heightened risk for identity theft." Illinois House Transcript, 2008 Reg. Sess. No. 276.

BIPA has two primary components.  The first is an informed consent provision that requires businesses to do three things before collecting or using biometric data: (1) inform the subject in writing that biometric data is being collected or stored; (2) inform the subject in writing of the purpose and time for which the biometric data is being collected, stored, and/or used; and (3) obtain a written release from the subject, or from the subject's authorized representative, consenting to the collection of the subject's biometric data. *See* 740 ILCS 14/15 (b).  BIPA also creates standards for handling Illinois consumers' biometric data, requiring companies to develop and comply with public, written policies for the collection, retention, use, and destruction of such data.  *Id.* at 15(c)-(d). Specifically, the law requires companies to create and comply with guidelines for destroying biometric data when the initial purpose for collecting it has been satisfied, or within three years of an individual's last interaction with a company, whichever comes first. *See id.* at 15(a).

4

Plaintiff alleges that Defendant violated BIPA when it collected, stored, and used his and other similarly situated individuals' biometric identifiers and information.

Plaintiff brought this action on behalf of himself and others similarly situated pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

**Defendant's Position**: BIPA is a notice-and-consent statute enacted in 2008 following the bankruptcy of a third-party vendor (Pay By Touch) that provided fingerprint-based payment systems to Chicago area grocery stores and, reportedly, failed to delete or adequately safeguard customers' fingerprint data when it went out of business. BIPA regulates the collection and storage of (1) "biometric identifiers" and (2) "biometric information." 740 ILCS 14/10. It defines "biometric identifier" as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry," and excludes "photographs." *Id.* "Biometric information" is "any information . . . based on an individual's biometric identifier used to identify an individual," and "does not include information derived from items or procedures excluded under the definition of biometric identifiers"—such as "photographs." *Id.*[1] BIPA authorizes a limited private right of action for "[a]ny person aggrieved by a violation of this Act" to enforce its provisions and seek statutory damages, but such damages are only available for negligent, reckless, or intentional violations. *Id.* 14/20.

---

[1] In its motion to dismiss, Defendant argued that BIPA's "photographs" exception excludes from regulation both "photographs" and "information derived from photographs" and therefore excludes the photograph-based technology at issue in this lawsuit. *See* DE 24 at 5-9. Judge Gottschall denied the motion to dismiss on this ground, holding that it was "clear that the data extracted from Monroy's photograph cannot constitute 'biometric information' within the meaning of the statute," but that such data could qualify as a "biometric identifier." DE 39 at 4-9. To the extent this ruling is law-of-the-case, Defendant respectfully reserves the right to revisit the issue as circumstances may warrant. *See, e.g., Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870, 873 (N.D. Ill. 2017) (law-of-the-case is a "highly flexible" doctrine) (quoting *EEOC v. Sears, Roebuck & Co.*, 417 F.3d 789, 796 (7th Cir. 2005)).

Defendant maintains that Plaintiff cannot establish a viable BIPA claim, either individually on a classwide basis. Although Plaintiff has withstood a threshold challenge to his complaint, several principally legal issues remain to be resolved, including:

<u>Injury</u>: BIPA provides a private right of action only to a person "aggrieved by a violation of this Act." 14 ILCS 14/20. Plaintiff does not allege — nor can he show — that he is actually "aggrieved" by any alleged collection of his biometric identifiers in connection with Defendant's photo tagging feature. The Illinois Appellate Court held last December that to be "aggrieved," a plaintiff must prove an "injury or adverse effect" *beyond* the unauthorized collection of his biometric data without notice and consent: The claim fails "when the only injury he or she alleges is a violation" of BIPA "by a private entity that collected his or her biometric identifiers and/or biometric information without providing him or her the disclosures and obtaining the written consent required by" the statute. *Rosenbach v. Six Flags Entm't Corp.*, __ N.E.3d __, 2017 IL App (2d) 170317, ¶¶ 15, 23 (Dec. 21, 2017).[2] The Supreme Court of Illinois recently allowed the *Rosenbach* plaintiff's petition for leave to appeal. 2018 WL 2452249, at *1 (Ill. May 30, 2018).

<u>Extraterritoriality</u>: Because "BIPA does not apply extraterritorially," Plaintiff will ultimately need to demonstrate that "the circumstances relating to Monroy's suit" occurred "primarily and substantially in Illinois." DE 39 at 10 (quoting *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 8051, 854 (Ill. 2005)). Plaintiff's residency is not determinative of this analysis; and in any event, he lives in Florida. Judge Gottschall denied Shutterfly's motion to dismiss on this basis primarily because the complaint was "unclear where the actual [alleged] scan of Monroy's face geometry took

---

[2] Judge Gottschall's opinion denying Shutterfly's motion to dismiss is not to the contrary. The Court held that Mr. Monroy had satisfied the "injury-in-fact" requirement of *Article III* because he "allege[d] that Shutterfly has violated his right to privacy." DE 39 at 16 n.5. But *Rosenbach* imposes an injury requirement *separate* from Article III standing and, as discussed in more detail below, makes clear that it is insufficient to allege merely that a plaintiff's "right to privacy . . . ha[d] been adversely affected." 2017 IL App (2d) 170317, ¶ 20.

place, and where the scan was stored once it was obtained"; that inquiry "require[d] a fuller understanding of how Shutterfly's facial recognition technology operates." *Id.* at 11. Shutterfly believes that discovery will confirm that the circumstances giving rise to this suit did not occur primarily or substantially in Illinois.

Class Certification: Whether Plaintiff's BIPA claim — asserted on behalf of non-users with no connection to Defendant — is appropriate for class treatment also raises significant issues of typicality, predominance, and manageability under Fed. R. Civ. P. 23(a) and (b). Determining whether class members were "aggrieved" requires an individualized analysis that will preclude a finding that common issues predominate, as does determining whether each class member's claim arose "primarily and substantially" in Illinois. Any class would be wholly unmanageable, because it is impossible to find or identify non-users of Shutterfly whose photos were analyzed with facial-recognition technology. Determining whether someone is in Plaintiff's proposed class would require, among other things: (1) identifying him in a photo and linking that photo to facial-recognition data (if any) stored on Defendant's servers; (2) classifying him as a Shutterfly user or a non-user; and (3) establishing whether the photo was uploaded to Shutterfly from within Illinois— presumably by the using IP address associated with the photo.[3] Each step poses an insurmountable manageability problem. The "tags" that Shutterfly users create to organize their own photos are not *identifying*—they might say "Dad," "Uncle Rick," or "Bob." There is nothing about any tag that distinguishes a Shutterfly user from a non-user.[4] Finally, the IP address of the uploading device is

---

[3]    Some commercial third-party databases purport to link the IP addresses assigned to computer devices with certain geographic locations, but all of them recognize significant limitations in the accuracy of their data and that "there is no official source of IP-to-Region information." *See* https://www.iplocation.net/ (visited July 13, 2018).

[4]    In addition to the fact that they are outside Plaintiff's class definition, users are bound by the arbitration clause and class-action waiver in Shutterfly's user agreement. *See* https://www.shutterflyinc.com/terms-of-use/ (visited July 13, 2018).

not available for most photos on Shutterfly, particularly from before 2016, making it impossible to determine—even on an individual basis—whether the photo was uploaded from Illinois. Shutterfly therefore has no way of identifying, much less locating or notifying, putative class members. And class members will have no reliable way to self-identify.

### I. Principal Factual Issues

**Plaintiff's Position**: Plaintiff alleges that Defendant's face recognition technology as applied to Plaintiff and the putative class creates, collects, uses, and stores "scans of face geometry" as defined under BIPA. Plaintiff further alleges that Defendant failed to (i) obtain his or anyone else's consent for the extraction and collection of biometric identifiers and information when Defendant introduced its facial recognition technology, and (ii) failed to store and protect from disclosure the same information and in not doing so, it failed to exercise a reasonable standard of care.

**Defendant's Position**: Defendant denies Plaintiff's averments and identifies the following additional fact issues to be resolved: (1) the location of upload, analysis, and creation or storage of any facial-recognition information derived from the photo alleged in the complaint; (2) whether Defendant has created, saved, or stored Plaintiff's biometric identifiers or biometric information; (3) whether Plaintiff has suffered any injury or adverse effect beyond the alleged collection of his biometric identifiers; and (4) whether Defendant's conduct was negligent, reckless, or intentional as required to recover statutory damages under BIPA (*see* 740 ILCS 14/20).

### J. Anticipated Motions

There are no pending motions. Defendant's motion to dismiss was denied on September 15, 2017 (DE 39). Defendant filed its answer and affirmative defenses to Plaintiff's complaint on September 29, 2017 (DE 44). Plaintiff anticipates filing a motion for class certification following sufficient fact and expert discovery. Defendant intends to oppose class certification and to file

motions for summary judgment, as well as motions *in limine* and other pretrial and discovery motions, as needed.

**K.   Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)**

The parties held their initial Rule 26(f) conference on January 25, 2017, while Defendant's motion to dismiss the complaint was pending. Defendant has served initial disclosures required under Rule 26(a)(1). Both Plaintiff and Defendant have served their first Request for Production and Interrogatories and their respective responses thereto. Defendant has produced some documents, and the parties are discussing search terms and custodians in advance of more substantive productions. The parties' current discovery schedule and proposed changes thereto are listed below. Plaintiff expects to serve additional Requests for Production of Documents, if needed, third-party document subpoenas, and to take party and third-party depositions. Defendant expects to serve additional written discovery, if needed, and to take the depositions of the named Plaintiff and, if needed, non-party witnesses. Defendant also anticipates that certain depositions may need to occur outside the United States, specifically, in Israel.

| Event | Current Discovery Deadlines | Proposed Discovery Deadlines |
|---|---|---|
| Deadline for fact discovery | September 7, 2018 | February 1, 2019 |
| Opening expert reports | October 8, 2018 | March 1, 2019 |
| Responsive expert reports | November 19, 2018 | April 5, 2019 |
| Completion of expert depositions | December 28, 2018 | April 26, 2019 |

**L.   Trial Readiness**

Plaintiff anticipates the case will be ready for trial as soon as all dispositive motions, and Plaintiffs' anticipated motion for class certification, have been fully briefed and ruled on by the Court, approximately July 2019.

Defendant anticipates that both class certification and dispositive motions may rely on expert opinion and that it will take approximately six months to fully brief and decide class

certification and dispositive motions following the close of discovery. Defendant respectfully suggests that the Court should establish further case deadlines — including for class certification, dispositive motions, and trial — once discovery is complete. Defendant believes that this was the Court's intention when it established the existing case management schedule.

The parties currently estimate that a jury trial would last approximately seven (7) days.

**M.** **Status of Settlement Discussions and Settlement Conference**

The parties participated in an all-day mediation conference before a private mediator associated with JAMS on May 15, 2018. No settlement was reached at that time. The parties have maintained dialogue regarding potential settlement, although no further mediation is scheduled. The parties are amenable to continuing settlement discussions in the future.

**N.** **Jurisdiction and Trial Before a Magistrate Judge**

On October 31, 2017, the parties declined to proceed before a Magistrate Judge (DE 53).

Dated: July 16, 2018.                                Respectfully submitted,

By: */s/ Katrina Carroll*                            By: */s/ Lauren R. Goldman*

**LITE DEPALMA GREENBERG, LLC**                      **MAYER BROWN LLP**
Katrina Carroll                                      Lauren R. Goldman
kcarroll@litedepalma.com                             Michael Rayfield*
Kyle A. Shamberg                                     1221 Avenue of the Americas
kshamberg@litedepalma.com                            New York, NY 10020
Ismael T. Salam                                      Telephone: (212) 506-2647
isalam@litedepalma.com                               lrgoldman@mayerbrown.com
211 West Wacker Drive, Suite 500                     mrayfield@mayerbrown.com
Chicago, Illinois 60606
Telephone: (312) 750-1265                            John Nadolenco*
                                                     350 South Grand Avenue
**AHDOOT & WOLFSON, P.C.**                           25th Floor
Tina Wolfson*                                        Los Angeles, CA 90071
twolfson@ahdootwolfson.com                           Telephone: (213) 229-9500
Robert Ahdoot*                                       jnadolenco@mayerbrown.com
rahdoot@ahdootwolfson.com
Bradley K. King                                      Matthew Provance
bking@ahdootwolfson.com                              71 S. Wacker Dr.
10728 Lindbrook Drive                                Chicago, IL 60606
Los Angeles, California 90024                        Telephone: (312) 701-8598
Tel:  (310) 474-9111; Fax:  (310) 474-8585           mprovance@mayerbrown.com

**CAREY RODRIGUEZ MILIAN GONYA,**                    **Attorneys for Defendant**
**LLP**                                              *denotes admission *pro hac vice*
David P. Milian*
dmilian@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Tel: (305) 372-7474; Fax:  (305) 372-7475

**Attorneys for Plaintiff**
*denotes admission *pro hac vice*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that the foregoing **Joint Status Report** was filed electronically with the Clerk of the Court using the CM/ECF system this 16th day of July 2018 and served electronically on all counsel of record.


*/s/ Katrina Carroll*